The STATE of Ohio, Appellee,

v.

HARRIS, Appellant.

[Cite as *State v. Harris* (1996), 109 Ohio App.3d 873.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950524.

Decided March 27, 1996.

*Fay D. Dupuis,* City Solicitor, *Terrence R. Cosgrove,* City Prosecutor, and *Karla J. Burtch,* for appellee.

*Christopher Laber,* for appellant.

PAINTER, Judge.

Defendant-appellant Joseph Harris appeals from the judgment of the court below convicting him, following a bench trial, of domestic violence in violation of R.C. 2919.25(A). In a single assignment of error, Harris alleges that the evidence adduced at trial was insufficient to support the conviction. We agree.

## I. Procedure

Initially, we note that the state has filed a motion to dismiss this appeal. In support of its motion, the state alleges that the issues raised in the case are moot because Harris has already served the period of incarceration imposed by the trial court, and he has offered no evidence of collateral disability or loss of civil rights as a result of the conviction (actually, Harris has alleged myriad examples of disability, but because of our holding below we need not determine the extent of any collateral matters).

The motion is not well taken because there is no demonstration in the record certified to this court that Harris has, in fact, satisfied the sentence of incarceration meted out by the trial court. However, even if such a showing had been made, we are convinced, given the circumstances of the case, that the appeal is not moot as a matter of law.

The Ohio Supreme Court discussed the issue of mootness in *State v. Golston* (1994), 71 Ohio St.3d 224, 226, 643 N.E.2d 109, 110, citing *State v. Berndt* (1987), 29 Ohio St.3d 3, 29 OBR 173, 504 N.E.2d 712, and *State v. Wilson* (1975), 41 Ohio St.2d 236, 70 O.O.2d 431, 325 N.E.2d 236, stating:

"[W]here a criminal defendant, convicted of a misdemeanor, *voluntarily* satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." (Emphasis added.)"

This test, however, has no application in those instances where the defendant's payment of a fine or completion of a sentence of incarceration is *involuntary*. Indeed, in *State v. Benson* (1986), 29 Ohio App.3d 109, 29 OBR 123, 504 N.E.2d 77, the court determined that a defendant retains his stake in the controversy and his right to appeal where he seeks a stay of the fine or sentence in either the trial court or the appellate court. See, also, *State v. Conliff* (1978), 61 Ohio App.2d 185, 15 O.O.3d 309, 401 N.E.2d 469; *Brecksville v. Cook* (Aug. 11, 1994), Cuyahoga App. No. 65766, unreported, 1994 WL 422267.

The record reveals that Harris requested the trial court to stay the execution of the sentence of incarceration and to reduce the amount of his appeal bond. A similar motion to reduce bond was filed with, and denied by, another panel of this court.

Under these circumstances, it is manifest that Harris involuntarily completed his sentence of imprisonment. The state would have us hold that a defendant might be wrongly convicted, hauled from the courtroom in chains, denied an appeal bond he could post, be forced to serve out his entire sentence, and then be denied the right to appeal. Such a result would make a piker of George III. We hold the reverse: a defendant maintains his right to appeal when he has involuntarily served the sentence. The motion to dismiss is denied.

## II. Facts

On May 7, 1995, Harris, approximately forty years old, struck Marie Dodds, a woman who had raised him since the age of three days, but who was not his natural or adoptive parent, or parent by means of affinity. Harris was charged with and subsequently convicted of domestic violence in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to

cause physical harm to a family or household member." R.C. 2919.25(E)(1)(a)(ii) defines in pertinent part "family or household member" as "[a] parent or a child of the offender, or another person related by consanguinity or affinity to the offender." The trial court found that Harris somehow met this definition.

### III. Discussion

Harris argues that the evidence supporting his conviction for domestic violence was insufficient because Dodds was not a family or household member under the statutory definition. We agree. Although Dodds raised Harris, she was not his natural, or adoptive parent, or his parent through affinity, or related to him in any other legal manner. At most, Dodds was a person who had once stood *in loco parentis* to Harris. The legislature could certainly have included an *in loco parentis* relationship in the statute, as it did in R.C. 2919.22 (endangering children) and R.C. 2907.03 (sexual battery), though even if it had, the victim here still may not have qualified, since that particular relationship was over. The definition of an element of a crime may not be expanded by judicial fiat. Therefore, the record does not contain substantial evidence upon which the trial court could have concluded that all the elements of the offense of domestic violence were proven beyond a reasonable doubt. See *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132.

In rendering this decision, which is legally compelled, we do not wish to convey that Harris's actions did not constitute a criminal offense under the laws of Ohio. A review of the relevant facts by the state prior to trial (or more properly before filing, though we realize that the exigencies will not always permit) would have uncovered the fatal defect, and the charge could have been filed or refiled as assault (R.C. 2903.13).

However, the lack of "family or household member" element, while negating the conviction for domestic violence, reduces the charge to the lesser-included offense of disorderly conduct, R.C. 2917.11(A)(1), a minor misdemeanor, which provides that "[n]o person shall recklessly cause inconvenience, annoyance, or alarm to another, by * * * [e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior." See *State v. Burgess* (1992), 79 Ohio App.3d 584, 607 N.E.2d 918; *State v. Stuber* (1990), 71 Ohio App.3d 86, 593 N.E.2d 48. The trial court necessarily found Harris guilty of that lesser-included charge, and this court is empowered to enter a judgment that should have been entered by the lower court. App.R. 12(B); *Burgess, supra.* Accordingly, we hold that the order of the trial court finding Harris guilty of domestic violence in violation of R.C. 2919.25 should be modified and that judgment should be entered finding Harris guilty of disorderly conduct as a minor misdemeanor.

### IV. Conclusion

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter a finding of guilt on the offense of disorderly conduct, R.C. 2917.11(A)(1), a minor misdemeanor, and to impose an appropriate sentence on that charge.[1]

*Judgment accordingly.*

DOAN, P.J., concurs.

HILDEBRANDT, J., concurs separately.

HILDEBRANDT, Judge, concurring.

I would hold that the state's motion to dismiss is not well taken for the sole reason that the record does not demonstrate that appellant served the sentence imposed upon him by the trial court. I concur in the remainder of the opinion.

---

1. If as the state alleges, Harris has now served six months in jail for what is now a minor misdemeanor, no additional sentence may be imposed, but the trial court must simply correct its records and direct the clerk to do likewise.