OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Mary Ann Blivens, appeals from the sentence imposed by the trial court following her conviction for forgery.
On March 11, 1998, the Lake County Prosecutor filed an information against appellant charging her with one count of forgery, a felony of the fifth degree, in violation of R.C.2913.31. Appellant waived her right to an indictment and elected to have the charge against her proceed by information.
On April 1, 1998, appellant entered a written plea of guilty. The trial court accepted the guilty plea and then referred the matter to the Lake County Adult Probation Department for a presentence investigation and report. Appellant was released on bond pending sentencing.
The trial court subsequently revoked appellant's bond and issued a warrant for her arrest after she failed a urinalysis drug test. Appellant, however, was not taken into custody at that time. On May 6, 1998, appellant failed to appear at her sentencing hearing as previously ordered. As a result, the trial court issued another bench warrant for appellant's arrest. On May 8, 1998, the police arrested appellant pursuant to the outstanding warrants.
On July 22, 1998, the matter again came on for sentencing. Appellant was present and represented by counsel. At this proceeding, the trial court sentenced appellant to serve a definite prison term of twelve months, with credit for forty-one days served. The twelve-month prison term represented the maximum allowed under the law.
From this judgment, appellant timely filed a notice of appeal with this court. She now asserts the following assignment of error:
 "The trial court abused its discretion by sentencing the defendant-appellant to the maximum term of imprisonment for a felony of the fifth degree."
In her single assignment of error, appellant posits that the trial court abused its discretion by imposing the maximum sentence authorized by statute for a felony of the fifth degree. Appellant does not raise any issue relating to the conviction itself. According to appellant, the trial court failed to make an affirmative finding that she either committed the worst form of the offense or posed the greatest likelihood of committing future crimes as required by R.C. 2929.14(C).[1]
Upon review, we conclude that this court need not address the merits of appellant's assigned error. Instead, we determine that the appeal is subject to dismissal for mootness.
In State v. Wilson (1975), 41 Ohio St.2d 236, syllabus, the Supreme Court of Ohio held as follows:
 "Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." See, also, State v. Berndt (1987), 29 Ohio St.3d 3, 4 (reaffirming the syllabus of Wilson).
It should be noted that a criminal appeal is only moot if the defendant voluntarily serves a period of incarceration or pays a fine. An appeal is not rendered moot if the defendant unsuccessfully seeks a stay of execution of the sentence. In such a situation, the completion of the sentence would be involuntary, and the defendant would retain his or her right to appeal the underlying conviction and sentence. State v. Harris (1996), 109 Ohio App.3d 873, 875.
The defendants in Wilson and Berndt were misdemeanants. In adjudicating these cases, the Supreme Court failed to emphasize that the defendants had only been convicted of misdemeanor offenses. As a result, the Supreme Court was subsequently forced to clarify its position on the mootness issue in criminal cases. In State v. Golston (1994), 71 Ohio St.3d 224, syllabus, the court held:
 "A person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her. Therefore, an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal."
In the case sub judice, appellant was convicted of a felony, to wit: forgery in violation of R.C. 2913.31. On July 22, 1998, the trial court sentenced her to serve twelve months in prison with credit for forty-one days served. Appellant did not move either the trial court or this court for a stay of the execution of the sentence pending appeal.
Following the sentencing hearing, the record indicates that appellant was conveyed to the Ohio Reformatory for Women in Marysville, Ohio. When the forty-one days credit for time served is taken into account, appellant's twelve-month prison sentence expired in June 1999. Thus, the entire sentence was satisfied prior to the hearing on the instant appeal.
Since appellant was convicted of a felony, she retained a substantial stake in the judgment of conviction pursuant toGolston which survived the satisfaction of the judgment imposed upon her. We, however, distinguish the case at bar from Golston. In the present appeal, the only aspect of the trial court's judgment that appellant takes issue with is the fact that the court imposed the maximum sentence permitted for a felony of the fifth degree. Appellant, in other words, challenges only the length of her sentence. She does not challenge the actual judgment of conviction. Indeed, appellant actually pled guilty to the offense of forgery.
The Supreme Court in Golston mandated that a person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment. Thus, an appeal challenging the actual felony conviction itself is not moot even if the entire sentence has been satisfied before the matter is heard on appeal.
However, in the case at bar, appellant is not challenging the felony conviction itself. Rather, she only asserts that the trial court abused its discretion by handing down the maximum sentence. Appellant asks this court to reverse the sentence imposed by the trial court and remand the matter for resentencing. Given that appellant has already served the twelve-month term in prison, the relief being sought can no longer be granted.
In light of the foregoing, the question presented in the assignment of error is moot.
Accordingly, the appeal is hereby dismissed sua sponte.
 __________________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.
[1] R.C. 2929.14(C) provides in part:
 "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."