DECISION
Defendant-appellant Marty Brown appeals from the judgment convicting him, following a jury trial, of burglarizing his next-door neighbor's home.
Brown lived on Pedretti Avenue in Cincinnati with his brother, his brother's wife, and Brian Mounce. Timothy Bradley lived next door to Brown. Ryan Pack lived across the street from Brown and Bradley. At trial, Pack testified that, on the afternoon of July 6, 1998, while Bradley was away at work, he saw Brown and Mounce walk down Bradley's driveway to the garage, where Mounce lifted the garage door enough to allow Brown to enter the garage. Mounce remained in the driveway after Brown went in the garage.
Pack testified that he had seen Mounce and Brown enter Bradley's home another time when Bradley was gone. Pack approached Mounce on July 6, 1998, and accused Mounce and Brown of breaking into Bradley's home. Mounce stated that he was retrieving a basketball that had gone onto Bradley's property, and he then returned next door. Pack did not see Brown re-emerge from the garage. Pack did not call the police, but waited for Bradley to get home, and then told Bradley what he had witnessed. Bradley called the police.
At a residence two houses from Bradley's house, a group of girls was swimming in an above-ground pool in the backyard. The girls testified that they had seen a man come from Bradley's house and jump over the fence, running in the direction of the Brown residence.
Mounce testified at trial against Brown. Mounce stated that he and Brown, after they had returned from work on July 6, had decided to break into Bradley's home to steal marijuana. He stated that he had held the garage door open for Brown so that Brown could enter Bradley's home through the garage. Mounce and Brown had been in Bradley's home before and were aware that entry to the home was possible from the garage. Mounce stated that he had acted as the "lookout" for the burglary, but that when Pack confronted him, he had returned home. Mounce stated that by the time he had returned home, Brown was already there.
In his first assignment of error, Brown contends that his conviction was based on insufficient evidence. Brown was convicted of violating R.C. 2911.12(A)(2), which states:
(A) No person, by force, stealth, or deception, shall * * *:
 (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is the permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense * * *.
 Brown claims that the state failed to produce evidence to prove, beyond a reasonable doubt, that a person was "present or likely to be present" when Brown trespassed in Bradley's home. We find this argument to be well taken.
In State v. Cravens,[1] this court held:
 In a determination of whether persons were present or likely to be present under R.C. 2911.12(A)(2), the defendant's knowledge concerning habitation is not material. The issue is not whether the burglar subjectively believed that persons were likely to be there, but whether it was objectively likely. The significant inquiry is the "probability or improbability of actual occupancy which in fact exists at the time of the offense, determined by all the facts surrounding the occupancy." [Citation omitted.] Merely showing that people dwelled in the residence is insufficient. Instead, the state must adduce specific evidence that the people were present or likely to be present. [Citation omitted.]
The state's evidence concerning the presence or likely presence of persons other than Brown and his accomplice consisted of testimony by the owner of the residence, Timothy Bradley. Bradley testified that he habitually left his home for work every day around 7:15 a.m., that he worked until 4:30 p.m., and that it took him fifteen minutes to travel to or from his job site. No evidence was presented that anyone besides Bradley lived in the residence. No evidence was presented that any other person had access to his home on a regular basis or that Bradley had any expectation that anyone else would be in the house on the day of the burglary. There was no evidence that Bradley ever came home during the work day.
The exact time of the offense was not established. The state's primary witness and Brown's co-defendant, Brian Mounce, testified that he and Brown had broken into Bradley's house after they returned home from work at approximately 3:30 p.m. Pack testified that he did not call the police when he saw Mounce and Brown break into Bradley's house, but waited to tell Bradley about the occurrence when Bradley returned home from work. Bradley testified that he called the police upon learning of the break-in from Pack. The statement that Pack submitted to the police had a time of 6:00 p.m. noted on it.
The evidence presented failed to establish that any person was objectively likely to be present in Bradley's home at 3:30 p.m. The evidence, instead, demonstrated that no one was likely to be present in the house between the hours of 7:15 a.m. and 4:45 p.m. Thus, the state failed to prove an essential element of burglary under R.C. 2911.12(A)(2), and Brown's conviction for a violation of R.C. 2911.12(A)(2) must be reversed.
However, the evidence may still support a conviction for a violation of R.C. 2911.12(A)(3), which states:
(A) No person, by force, stealth, or deception, shall * * *:
 (3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense * * *.
This court may order the trial court to enter a judgment of conviction for a violation of R.C. 2911.12(A)(3), if burglary as defined in that section is a lesser-included offense of R.C.2911.12(A)(2), and the state has proven all of the elements necessary to prove the lesser offense beyond a reasonable doubt.[2]
An offense is a lesser-included offense of another if (1) the offense carries a lesser penalty than the other offense, (2) the greater offense cannot be committed without committing the lesser offense, as both are statutorily defined, and (3) the greater offense requires proof of an element not required by the lesser offense.[3]
In this case, a violation of R.C. 2911.12(A)(3) carries a lesser penalty than a violation of R.C. 2911.12(A)(2). A violation of the former is a felony of the third degree, while a violation of the latter is a second-degree felony.
Next, this court must consider whether committing the greater offense automatically results in the commission of the lesser offense. The elements required to prove a violation of R.C.2911.12(A)(2) are (1) a trespass, (2) in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person, (3) when any person other than an accomplice of the offender is present or likely to be present, (4) with purpose to commit any criminal offense in the habitation. The elements of a violation of R.C. 2911.12(A)(3) are (1) a trespass, (2) in an occupied structure or in a separately secured or separately occupied portion of an occupied structure (3) with purpose to commit any criminal offense in the structure or in the separately secured or separately occupied portion of the structure.
A conviction for either a second- or a third-degree burglary requires proof of a trespass, in an occupied structure or in a separately secured or separately occupied portion of an occupied structure with a purpose to commit, within the prescribed place, any criminal offense. A conviction for the lesser offense of third-degree burglary requires proof of no additional elements. Therefore, the commission of second-degree burglary necessarily results in the commission of third-degree burglary.
Moreover, a conviction for second-degree burglary additionally requires proof that the trespass occurred at a time "when any person other than [the offender's] accomplice [was] present or likely to be present" and that the "occupied structure or separately secured or separately occupied portion of an occupied structure" also served as the "permanent or temporary habitation of [a] person." Thus, a conviction for second-degree burglary requires proof of elements that a conviction for third-degree burglary does not.
We hold, therefore, that third-degree burglary as defined by R.C.2911.12(A)(3) is a lesser-included offense of burglary under R.C.2911.12(A)(2). This court may remand the cause to the trial court for entry of a judgment of conviction for burglary as defined in R.C. 2911.12(A)(3), if the state has proven all of the elements of third-degree burglary beyond a reasonable doubt.
Brown has challenged the sufficiency of the evidence and has challenged his conviction as contrary to the manifest weight of the evidence. To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[4] Sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law.[5] To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[6]
After reviewing the record in this case, we hold that sufficient evidence supports a conviction for third-degree burglary in violation of R.C. 2911.12(A)(3). Brown's accomplice, Mounce, testified against him, stating that he had assisted Brown in entering Bradley's garage and that they had intended to steal marijuana from Bradley's residence. Neither Mounce nor Brown had Bradley's permission to enter his home. A neighbor witnessed Mounce assisting Brown's entry into Bradley's garage. Bradley testified that the door leading from his garage into his basement had been broken down, and that over $500 had been taken from his home. This testimony, if believed, was sufficient to establish all of the elements of burglary under R.C. 2911.12(A)(3).
Brown testified on his own behalf, denying that he had entered Bradley's home. Brown also presented the testimony of his brother and a friend, who stated that they had seen Brown at his own house around the time of the break-in. However, neither could account for Brown's whereabouts for the entire time after he had returned home from work. After reviewing the entire record, we cannot say that the jury lost its way in considering the credibility of the witnesses and in resolving the conflicts in the evidence with respect to these issues.
In his third assignment of error, Brown claims that the trial court erroneously admitted evidence in violation of Evid.R. 404(B), which states, "Evidence of other crimes, wrongs or acts is not admissible to prove the character of the person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Brown objects to the admission of Pack's testimony that he had seen Brown and Mounce enter Bradley's home on another occasion when Bradley was at work.
We hold that the trial court properly ruled that the evidence was not offered as evidence of Brown's character, but as evidence of Brown's identity. The fact that Mounce and Brown had been seen breaking into Bradley's home on another occasion supported Pack's identification of Brown as one of the persons who entered Bradley's home.
We reverse the trial court's judgment convicting Brown of burglary in violation of R.C. 2911.12(A)(2), and we remand this cause, pursuant to App.R. 12(B), for the entry of an appropriate judgment of conviction for a violation of R.C. 2911.12(A)(3).
Judgment reversed and cause remanded.
 ____________________________________ HILDEBRANDT, Presiding Judge.
 PAINTER and SHANNON, JJ., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] State v. Cravens (June 25, 1999), Hamilton App. No. C-980526, unreported.
[2] See State v. Harris (1996), 109 Ohio App.3d 873,673 N.E.2d 237; State v. Jorden (Sept. 3, 1999), Hamilton App. Nos. C-980903 and C-980904, unreported; State v. Middlebrooks (Aug. 15, 1997), Montgomery App. No. 15671, unreported.
[3] See State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus.
[4] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[5] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[6] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720, cited with approval in Thompkins,78 Ohio St.3d at 386, 678 N.E.2d at 546.