CITY OF SHAKER HEIGHTS, Appellee,

v.

HUNTE, Appellant.

[Cite as *Shaker Heights v. Hunte* (2001), 145 Ohio App.3d 150.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78768.

Decided July 30, 2001.

*Eric J. Stecz,* Assistant Director of Law, and *Gary R. Williams,* City Prosecutor, for appellee.

*Milton A. Kramer Law Clinic* and *Judith P. Lipton,* for appellant.

COLLEEN CONWAY COONEY, Judge.

Defendant-appellant Oswald K. Hunte appeals from his conviction for domestic violence. He argues that his constitutional right to counsel at his arraignment and at trial was violated and that his conviction was not supported by sufficient evidence. We find merit to the appeal and reverse and remand for a new trial.

Hunte was charged in the Shaker Heights Municipal Court with domestic violence in violation of Shaker Heights Codified Ordinance 737.14(A). He entered a plea of not guilty at his arraignment. Two weeks later, the matter proceeded to a bench trial at which Hunte represented himself *pro se.*

The victim testified that she was Hunte's girlfriend and lived with him. She admitted that they argued on the night in question and that she called 911. She testified that she did not think that Hunte kicked her in the stomach, but that it's possible that he did. She admitted that she gave the police a written statement of what occurred and that the statement indicated that Hunte kicked her in the

stomach. On cross-examination, however, she stated that he did not kick her in the stomach.

Officers Tajgiszer and Nichols testified that they responded to a domestic violence call and observed that the victim was excited and upset. She told the officers that Hunte had kicked her in the abdomen. The victim also stated a couple of times that her stomach hurt. Officer Tajgiszer testified that the victim was holding her stomach.

Hunte testified that he and the victim had a verbal altercation regarding the amount of money she spent on the lottery and that he threatened to kick the victim out of the house, which prompted the victim to call the police. He denied kicking the victim and stated that the victim's stomach hurts when she becomes upset.

Hunte was found guilty, but prior to the date for sentencing, he retained counsel and requested a new trial, arguing that he was not advised of his right to counsel. The trial court denied the motion and sentenced him to thirty days in jail and fined him $700. Part of the fine and all jail time were suspended on the condition that Hunte comply with the terms of his probation, which required that he stay away from the victim.

Defendant appeals, asserting four assignments of error.

"I. The appellant was denied his constitutional right to the assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution, Ohio Rules of Criminal Procedure, Rules 5(A) and 10(C) and Ohio Revised Code Section 2937.02."

 Hunte contends that, at his arraignment, he was not advised of the nature of the charge against him, of his right to counsel, and his right to remain silent.

At the arraignment, the trial court explained the details regarding the charge against Hunte. Although he initially responded "no" when the court asked him if he understood the charge, it is clear from the record that he was stating "no" to indicate that he was denying the charge. The court clarified that he did indeed understand the charge.

The Ohio Supreme Court in *State v. Davis* (1991), 62 Ohio St.3d 326, 349, 581 N.E.2d 1362, 1381, found that a defendant is not prejudiced when he enters a plea of not guilty at an arraignment without the assistance of counsel:

"Appellant pled not guilty at the arraignment. Had he pled guilty this possibly could be an issue. Although his right to have an attorney present was not enforced, he has suffered no deprivation by entering a not guilty plea.

"* * *

"Appellant has failed to show how he was prejudiced or lost any crucial rights."

Likewise, in the present case, Hunte entered a plea of not guilty and therefore was not prejudiced by not having the assistance of counsel at his arraignment.

Although he was not advised of his right to remain silent at the arraignment, it does not appear that Hunte was prejudiced because he did not make any incriminating statements at the hearing.

The first assignment of error is overruled.

"II. The trial court erred and the appellant was denied his constitutional rights by the court's failure to comply with the provision[s] of Ohio Rules of Criminal Procedure Rules 22 and 44(B)."

Hunte asserts that he was denied his constitutional right to assistance of counsel when the trial court failed to comply with Crim.R. 22 and 44(B) before beginning the trial.

The parties agree that Hunte was charged with a petty offense because the possible incarceration for domestic violence is no greater than six months. Crim.R. 2(D). Although the trial court suspended his jail sentence, he still faced confinement if he violated the terms of his probation by having contact with the victim.

Crim. R. 44 provides:

"(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

"(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22."

Crim.R. 22 further requires that "[i]n petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded."

In *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 217, 17 OBR 458, 459–460, 479 N.E.2d 309, 311–312, this court recognized the significance of the right to counsel and that a knowing and intelligent waiver of counsel must appear on the record:

"The requirements of the Criminal Rules are mandatory; all waivers of counsel must be made in open court and must be recorded. *State v. Haag* (1976), 49 Ohio App.2d 268, 3 O.O.3d 301, 360 N.E.2d 756; see *Cuyahoga Falls v. Simich*

(1982), 5 Ohio App.3d 10, 5 OBR 11, 448 N.E.2d 839; *State v. Minor* (1979), 64 Ohio App.2d 129, 18 O.O.3d 98, 411 N.E.2d 822.

"* * *

■ "* * * Since the recording of waiver of counsel is mandatory, and the presumption is against a waiver of counsel, the city has the burden to show compliance with the rules. The city has not met its burden and proper waiver of counsel will not be presumed."

A review of the record in the present case does not indicate that Hunte waived his right to counsel, nor does it appear that his right to counsel was ever explained to him, so we do not know if he was unable to retain counsel. Based on the above authorities, a voluntary waiver of counsel must affirmatively appear in the record and the prosecution has the burden to show compliance with Crim.R. 44 and Crim.R. 22.

■ Although the trial court in its denial of Hunte's motion for a new trial indicated that he waived counsel prior to trial, we have absolutely no evidence on the record that this in fact did occur. We will not presume a knowing and intelligent waiver from a silent record. *Garfield Hts. v. Brewer, supra.*

■ Because there is no valid waiver of counsel on the record, Hunte cannot be sentenced to a term of imprisonment. Crim. R. 44(B). Although the city argues that we should merely vacate the sentence, we find that based on the unique nature of the offense of domestic violence, the judgment should be reversed and remanded the cause for a new trial. When a person is convicted of domestic violence, this first conviction operates as an enhancement for any future domestic violence charge from a misdemeanor to a felony. Furthermore, Hunte's probation, which prohibited him from contacting the victim, would also be vacated because it is part of his sentence, and that could result in danger to the victim. Under these circumstances, we find that when the case concerns a domestic violence conviction, it is necessary to reverse and remand for a new trial.

The cases that the city cites in support of its argument to vacate the sentence are distinguishable because they are not domestic violence cases where enhancement of future charges and protection of the victim are an issue. *Cleveland v. Crable* (Mar. 16, 1995), Cuyahoga App. No. 67073, unreported, 1995 WL 116951, involved a conviction for failure to stop after an accident, and *State v. Dyer* (1996), 117 Ohio App.3d 92, 689 N.E.2d 1034, involved convictions for disorderly conduct and obstruction of official business.

The second assignment of error is sustained.

"III. The appellant was denied his constitutional [right] to the assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United

States Constitution and Article I, Section 10 of the Ohio Constitution when the trial court forced him to proceed with his trial unrepresented without advising him of the dangers and disadvantages of self-representation, the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other factors essential to a broad understanding of the case to be tried, and without obtaining a waiver of his right to counsel.

"IV. The trial court erred when it found the defendant–appellant guilty of domestic violence as this conviction is not sustained by sufficient credible evidence."

Given our disposition of Hunte's second assignment of error, these assignments of error are moot. App.R. 12(A)(1)(c).

*Judgment reversed*
*and cause remanded.*

Patricia A. Blackmon, P.J., and James D. Sweeney, J., concur.