OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Jonas L. Smith, appeals from the trial court's decision to impose an eight-month sentence for violating the terms of his community control.
The following procedural history is relevant to this appeal. On May 3, 2000, the trial court accepted appellant's plea of guilty to possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11. On June 16, 2000, the trial court determined that appellant was amenable to community control sanctions and ordered that he be sentenced to three years of community control with numerous conditions, including that appellant serve ninety days in the Lake County Jail with credit for four days of time served and successfully complete the Lake County Jail Treatment Program during the last thirty days of incarceration.
On August 23, 2000, the state filed a motion to terminate community control sanctions. On August 31, 2000, the trial court accepted appellant's plea of guilty to violating the terms of his community control for his failure to complete the Lake County Jail Treatment Program. As such, the trial court ordered that appellant be sentenced to an additional thirty days in the Lake County Jail to be served consecutive to the ninety day sentence previously imposed.
Less than a month later, the state filed a second motion to terminate community control sanctions. On October 27, 2000, the trial court, again, accepted appellant's plea of guilty to violating the terms of his community control for his failure to complete the jail treatment program. As a result, the trial court imposed an eight-month sentence, with credit for 137 days time served.
It is from this judgment appellant timely filed a notice of appeal, advancing a single assignment of error for our consideration:
 "The Trial Court erred to the prejudice of the Appellant when it sentenced the Appellant to prison for a violation of his community control sanction."
 In his lone assignment of error, appellant presents numerous arguments. Briefly, he contends that his sentence is contrary to law because the trial court failed to make requisite findings pursuant to R.C. 2929.14(B) concerning whether he had previously served a prison term or that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crimes by him. Further, appellant suggests that rather than impose an eight-month prison term, the trial court should have imposed more restrictive community control sanctions.
Appellant asks this court to either reduce or modify his sentence or, in the alternative, remand the matter for resentencing. For the reasons that follow, we determine that this court need not address the merits of appellant's assigned error. Given that appellant has already served his eight-month sentence, the relief being sought can no longer be granted. Therefore, we dismiss appellant's appeal as it has been rendered moot.
In State v. Blivens (Sept. 30, 1999), Lake App. No. 98-L-189, unreported, 1999 WL 960955, at 2, this court made the following observation:
 "[A] criminal appeal is only moot if the defendant voluntarily serves a period of incarceration or pays a fine. An appeal is not rendered moot if the defendant unsuccessfully seeks a stay of execution of the sentence. In such a situation, the completion of the sentence would be involuntary, and the defendant would retain his or her right to appeal the underlying conviction and sentence. State v. Harris (1996), 109 Ohio App.3d 873, 875. * * *" Emphasis added and parallel citation omitted.)
 Further, an appeal of a felony conviction is not rendered moot even though the defendant has completed his or her sentence because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." State v. Golston
(1994), 71 Ohio St.3d 224, syllabus. However, "this logic does not apply if appellant is appealing solely on the issue of * * * his sentence and not on the underlying conviction. If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction." State v. Beamon (Dec. 14, 2001), Lake App. No. 2000-L-160, unreported, 2001 Ohio App. LEXIS 5655, at 4. See, also, State v. Pompei (Oct. 25, 2001), Cuyahoga App. No. 79541, unreported, 2001 Ohio App. LEXIS 5052.
With these principles in mind, we examine the case at bar. In its October 27, 2000 judgment entry, the trial court ordered appellant to be conveyed to the Lorain Correctional Institution to serve an eight-month sentence. Because appellant was given 137 days credit for time served, he had less than four months remaining on the eight-month sentence imposed by the trial court. There is nothing in the record to indicate that appellant requested a stay of his sentence. In fact, following the sentencing hearing, the warrant to convey appellant to Lorain Correctional Institution was executed on November 1, 2000.
Taking into account the 137 days credit for time served, appellant's eight-month prison sentence expired by March 2001. "Thus, the entire sentence was satisfied prior to the hearing on the instant appeal."Blivens at 2.
While a defendant can appeal a felony conviction after serving his full sentence, appellant only challenges his sentence on appeal. Because appellant did not request a stay pending the outcome of this appeal of his sentence, he must have served the remainder of his sentence by now. "[N]o relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue." Beamon at 4, citing Blivens at 2.
Based on the forgoing analysis, appellant's assignment of error is rendered moot, and his appeal is dismissed sua sponte. Our decision, however, should not be construed to express any view as to whether the trial court issued an appropriate sentencing entry.
O'NEILL, P.J., NADER, J., concur.