[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Defendant-appellant, Godwin Agenmonmen, appeals a conviction of disorderly conduct pursuant to R.C. 2917.11(A)(1). He had originally been charged with domestic violence, but was ultimately convicted of the lesser-included offense. See State v. Jorden (1999), 134 Ohio App.3d 131,730 N.E.2d 447; State v. Harris (1996), 109 Ohio App.3d 873,673 N.E.2d 237.
{¶ 3} Before trial, appellant told the trial court that he did not agree with his appointed attorney's strategy and that he wished to represent himself. After warning appellant of the dangers of self-representation and having appellant sign a written waiver, the court allowed appellant to represent himself.
{¶ 4} In his sole assignment of error, appellant contends that the trial court abused its discretion in several respects. First, he argues that his waiver of his right to counsel was not knowing and voluntary and that he made serious errors during the course of the trial. Criminal defendants have a constitutional right to represent themselves if they make a knowing and voluntary waiver of their right to counsel. To establish an effective waiver, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. State v. Gibson (1976),45 Ohio St.2d 366, 345 N.E.2d 399; State v. Glasure (1999),132 Ohio App.3d 227, 724 N.E.2d 1165; State v. Boyle (Aug. 28, 1996), 1st Dist. No. C-950670.
{¶ 5} In this case, appellant told the court that he did not agree with his appointed counsel's advice that he should accept the state's offer of a plea bargain. Appellant stated unequivocally that he did not wish to accept the plea bargain and that he wanted a trial. Appellant's counsel stated that appellant did not want counsel's "intervention," but instead wanted counsel to "sit quietly and let him conduct the trial." The court told appellant that because he was not a United States citizen, he could be deported if he were convicted. Counsel also told the court that he had informed appellant that appellant's "anticipated courses of action" would be "outside of the rules of evidence and not permissible."
{¶ 6} Counsel also stated that he had informed appellant about "ancillary problems" that could affect appellant the rest of his life based on a conviction for domestic violence, which the plea bargain would have eliminated. Appellant affirmed to the court that despite this knowledge, he still wished to have a trial and represent himself. He signed a written waiver in open court as required by Crim.R. 44(C). SeeShaker Hts. v. Hunte (2001), 145 Ohio App.3d 150, 762 N.E.2d 384.
{¶ 7} Under the circumstances, appellant had sufficient warning from the trial court about the seriousness of his actions. The record demonstrates that appellant knowingly, voluntarily and intelligently elected to represent himself and waive his right to counsel. See Gibson,
supra.
{¶ 8} Appellant also argues the trial court should have required appellant's counsel to act in an advisory capacity after appellant waived his right to counsel. The trial court may, but is not required to, appoint standby counsel to aid a defendant if he or she needs assistance.State v. Watson (1998), 132 Ohio App.3d 57, 724 N.E.2d 469; State v.Davis (Apr. 8, 1998), 5th Dist. No. 96COA01196, reversed on other grounds, State v. Davis, 83 Ohio St.3d 433, 1998-Ohio-31, 700 N.E.2d 593. Further, the defendant is not entitled to hybrid representation, where the defendant and the attorney act as co-counsel. State v. Thompson
(1987), 33 Ohio St.3d 1, 514 N.E.2d 407; State v. Carter (1977),53 Ohio App.2d 125, 372 N.E.2d 622.
{¶ 9} The record indicates that after rejecting the plea bargain, appellant originally did not object to counsel continuing to represent him, but he wanted to conduct the questioning and the cross-examination of the witnesses, particularly his wife, by himself. When counsel informed him that this hybrid representation was impermissible, appellant stated unequivocally that he did not want counsel's assistance at all and that he would represent himself. Counsel asked for and received the court's permission to withdraw.
{¶ 10} Appellant demonstrated during the trial that he was intelligent and articulate. His questioning was appropriate and elicited important factual information. He objected several times during the prosecutor's questioning, and adequately stated his reasoning for the objection. The trial court sustained some of his objections.
{¶ 11} Appellant's brief alleges that he was "fixated upon given a speech, which he hoped would exonerate his actions." Appellant did attempt to give a speech, which elicited numerous objections from the state. However, this speech occurred during appellant's closing argument, after all the evidence had been presented. Ultimately, the trial court did not convict appellant of the charged offense, but of a lesser-included offense. Under the circumstances, we cannot hold that the trial court's failure to order advisory counsel was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See State v. Adams
(1980, 62 Ohio St.2d 151, 404 N.E.2d 144.
{¶ 12} Finally, appellant contends that the trial court, after granting his request to act as his own attorney, should have granted his request for a continuance to subpoena witnesses on his behalf. While the trial court must afford the defense a reasonable opportunity to prepare its case, the decision whether to grant a continuance lies within the discretion of the trial court and depends upon all the facts and circumstances of the case. State v. Sowders (1983), 4 Ohio St.3d 143,447 N.E.2d 118; State v. Lewis (May 7, 1999), 1st Dist. No. C-980450.
{¶ 13} When asked if he understood the written waiver he had signed, appellant stated, "[i]f I need to subpoena a witness, can I ask for continuation [sic] because it says something about continuation [sic]. He said that he might need a continuance might need to subpoena another witness if his wife lied on the stand. The court told appellant that the case would proceed to trial that day since it was set for trial. Appellant responded, "[t]hat's fine."
{¶ 14} Appellant did not actually request a continuance. He seemed to be asking whether he could get a continuance if the state's prosecuting witness lied on the stand. He did not inform the court of the names of the witness he would call should his wife have testified untruthfully or what their testimony would have been. He has not demonstrated that the desired testimony would have been relevant and material to his defense or how he was prejudiced. Accordingly, the trial court did not abuse its discretion in failing to grant a continuance. SeeState v. Brooks (1989), 44 Ohio St.3d 185, 542 N.E.2d 636. We therefore, overrule appellant's sole assignment of error and affirm the trial court's judgment.
{¶ 15} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.