[Cite as *State v. Brown*, 2022-Ohio-3828.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210433 |
| | | TRIAL NO. C-21CRB-3920 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| CHRISTIAN BROWN, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Modified and Cause Remanded

Date of Judgment Entry on Appeal: October 28, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellee.

**ZAYAS, Judge.**

{¶1} Christian Brown appeals his conviction for domestic violence after a jury trial. In four assignments of error, he argues that the trial court erred by defining the term "putative father" in the jury instructions and that the conviction was based on insufficient evidence and was against the weight of the evidence. For the following reasons, we modify the trial court's judgment and remand this cause for sentencing on the lesser-included offense of disorderly conduct.

## Factual Background

{¶2} After a jury trial, Christian Brown was convicted of domestic violence in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." The trial testimony established that Brown had kicked his girlfriend, Brianna Siffel, during an argument. At the time of the offense, Brown and Siffel had dated for approximately ten months, and Siffel had just learned she was pregnant. The two got into an argument at Brown's mother's house where Brown resided. Siffel testified that Brown threw her on his bed and took her phone. When she tried to retrieve her phone, Brown pushed her, and she fell on the floor. While lying on the floor, Brown kicked her. Siffel suffered a bruise on her arm and a "fat lip."

{¶3} The dispute at trial was whether the state had established that Siffel was a family or household member. The state theorized that Siffel was a family or household member because she was pregnant with Brown's child at the time of the assault, and therefore, the natural parent of Brown's unborn child. One definition of "family or household member" is "[t]he natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent." R.C. 2919.25(F)(1)(b). To that end, the state asked the trial court to define "putative father"

for the jury. Brown objected to the instruction, arguing that he could not be considered a "father" because the child had not yet been born.

{¶4} The trial court disagreed and instructed the jury that a putative father is a man who may be the child's father, who is not married to the child's mother, has not been determined to be the father, and has not acknowledged paternity. The trial court further instructed the jury that the putative-father instruction applied in this case.

{¶5} The jury found Brown guilty, and the trial court sentenced him to 180 days of incarceration, a $500 fine, and court costs. Brown now appeals arguing that the trial court erred by including the putative-father definition in the jury instructions, Siffel was not the "natural parent of any child" to qualify as a family or household member, the conviction was based on insufficient evidence as the state failed to prove the family or household element, and the conviction was against the weight of the evidence.

### Law and Analysis

{¶6} For ease of discussion, we will address the third assignment of error first because it is dispositive of this appeal. Brown contends that his conviction for domestic violence under R.C. 2919.25 was based on insufficient evidence as the state failed to prove the family-or-household-member element because Siffel was not the "natural parent of any child" to qualify as a family or household member.

{¶7} The test for determining if the evidence was sufficient to sustain a conviction is whether "after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found all the essential elements of the crime proved beyond a reasonable doubt." *State v. Ham*, 1st Dist. Hamilton No. C-170043, 2017-Ohio-9189, ¶ 19, citing *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492

3

(1991), paragraph two of the syllabus. A conviction based on legally insufficient evidence constitutes a denial of due process. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997).

{¶8} Brown was convicted of domestic violence in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." A "family or household member" is defined, in relevant part, as "[t]he natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent." R.C. 2919.25(F)(1)(b).

{¶9} Thus, the issue for this court is whether the natural parent of any child includes a pregnant victim's unborn child. The Tenth District Court of Appeals has examined this issue in the context of a civil protection order and concluded that the definition of family and household member does not include an unborn child. *See Smith v. Martin*, 10th Dist. Franklin No. 08-AP-692, 2009-Ohio-3440, ¶ 9. In *Martin*, a pregnant woman sought a protection order to specifically protect her unborn child from her boyfriend who was the father of the unborn child. *Id*. at ¶ 2.

{¶10} R.C. 3113.31, the statute governing domestic-violence-protection orders, defines "family or household member" to include "[t]he natural parent of any child of whom the respondent is the other natural parent or is the putative other natural parent." R.C. 3113.13(A)(3)(b). The Tenth District noted that certain statutes "are meant to protect the unborn and to punish an offender who harms an unborn child." *Martin* at ¶ 5. "For example, a person can be convicted of felonious assault if the offender knowingly caused serious physical harm to another or to another's unborn. R.C. 2903.11. In that instance, the term 'unborn' is specifically used in the

4

statute, and by implication, makes a distinction between a person and an unborn." *Id.*
The court concluded:

> Amendments made by the General Assembly to specifically include the
> unborn with the purview of a statute lead us to infer that the legislature
> is fully aware of the situations in which it desires to protect the unborn
> or punish those who harm them. Under the plain language of R.C.
> 3113.31, a viable fetus is outside the statutory definition of persons
> entitled to seek relief.

*Id.* at ¶ 9.  The definition of "family or household member" in R.C. 3113.31 is identical
to the definition in the domestic-violence statute at issue in this case.  We agree with
our sister court that the definition of "family and household member" does not include
an unborn child.

**{¶11}**  Moreover, in reviewing the domestic-violence statute, the legislature
included a pregnant victim specification.  *See* R.C. 2919.25(D)(5) (stating, in relevant
part, "if the offender knew that the victim of the violation was pregnant at the time of
the violation, a violation of division (A) or (B) of this section is a felony of the fifth
degree").  Had the legislature intended to include pregnant victims in the definition of
"family or household member," then the General Assembly could have included this
language.  Based on the plain language of the statute, the definition of "family or
household member" does not include the unborn child of a pregnant victim.

**{¶12}**  The state concedes that it relied on the fact that Siffel was pregnant with
Brown's child to establish the "family or household element."  However, the state
argues that Brown forfeited the argument on appeal because he did not challenge
whether "natural parent" applies to an unborn child.

**{¶13}** The record reflects that Brown challenged the sufficiency of the state's evidence to prove that Siffel was a family or household member and argued that the "putative father" instruction did not apply because the child had not yet been born. The trial court disagreed and ruled that the instruction applied. Thus, the issue was raised and considered by the trial court.

**{¶14}** Therefore, we hold that the evidence was insufficient to prove that Siffel was a family or household member. When a conviction for domestic violence is reversed because the state failed to prove the element of "family or household member," this court has the authority to modify the conviction to the lesser-included offense of disorderly conduct, a minor misdemeanor, in violation of R.C. 2917.11(A)(1). *See State v. Harris*, 109 Ohio App.3d 873, 876, 673 N.E.2d 237 (1st Dist.1996); App.R. 12(B). Accordingly, we modify the conviction for domestic violence to a conviction for minor-misdemeanor disorderly conduct and remand the cause for sentencing. The third assignment of error is sustained.

### Conclusion

**{¶15}** We sustain Brown's third assignment of error, modify the judgment to reflect a minor-misdemeanor conviction for disorderly conduct, and remand for sentencing on that charge and further proceedings consistent with this opinion. Our disposition of Brown's third assignment of error renders moot his first, second, and fourth assignments of error, and we decline to address them. *See* App.R. 12(A)(1)(c).

Judgment modified and cause remanded.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry this date.