JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse and remand.
 I {¶ 2} According to the case and the facts, on May 12, 2007, North Olmsted police observed defendant-appellee, Constance Taylor ("appellee"), operating her vehicle erratically. Appellee was charged with two counts of endangering children, R.C. 2919.22(A), and one count of driving under the influence, R.C. 4511.19(A). Each of the endangering counts carried a furthermore clause, alleging that appellee had a prior conviction for the same offense, case number CR 03 CRB 1693/03-29221, on or about August 5, 2003. A first conviction of child endangering as charged herein is a misdemeanor of the first degree. A second conviction is a felony. The effect of the earlier conviction in 2003 now elevates the new 2007 charges in counts one and two to a felony of the fourth degree.
 {¶ 3} In 2003, appellee pled no contest at the Rocky River Municipal Court and was ordered to pay a fine of $150 and given no jail time. Approximately four years later, appellee was arrested a second time, for child endangering and driving under the influence. The common pleas court journalized a memorandum of opinion and order in appellee's favor on October 18, 2007. The court's memorandum stated that the defendant was not apprised of the significant consequences of her guilty plea to the misdemeanor charges and determined that the conviction could not be *Page 3 
used to enhance the charges.[1] The state now appeals the common pleas court's opinion and order of October 18, 2007.
 II {¶ 4} Appellant's first assignment of error provides the following: "The trial court erred when it found that appellee's prior conviction for child endangering in the Rocky River Municipal Court could not be used to enhance a subsequent charge of child endangering to a fourth degree felony."
 {¶ 5} Appellant's second assignment of error provides the following: "The trial court erred when in making its determination as to the effect of the prior conviction for child endangering from Rocky River court, the trial court imposed a requirement that appellee knew that a conviction would enhance subsequent charges; a requirement that is not imposed by law." *Page 4 
 III {¶ 6} Due to the substantial interrelation between the state's two assignments of error, we shall address them together. The state argues in its first and second assignments of error that the court erred regarding its conviction for child endangering. We find merit in the state's arguments.
 {¶ 7} As previously mentioned, appellee was originally charged with child endangering in Rocky River Municipal Court back in 2003. She also received a citation for DUI, a first offense.
 {¶ 8} The August 2003 Rocky River Municipal Court entry indicated the following: "8/5/2003 Deft in court without counsel having waived rt to counsel after rights explained in open court on tape. PNC entered/FG of charge. Sentence: $150 cc." There were still questions regarding the conversation between the magistrate and appellee, so a tape of the hearing was obtained. This tape was reviewed, first by counsel, and then with counsel and the trial court.
 {¶ 9} The tape was made, in mass, to those appearing in court on August 5, 2003 and contained the following:
 "Good morning. I am Magistrate Valponi. This is an arraignment session. I will be explaining your rights to you. You will then step before me to either ask for a continuance which is another arraignment date or to enter a plea.
 "These are your rights. You always have the right to speak with a lawyer and to have a lawyer in court with you throughout all proceedings. So if you would like a reasonable continuance in order to come back with a lawyer or to further investigate your *Page 5 case on your own, ask for a continuance and I will give you another arraignment date.
 "You may have the right to have a court appointed lawyer. If you have been charged with any offense more serious than a minor misdemeanor, and if you are indigent, I can appoint a lawyer to represent you at no expense to yourself.
 "You have the right to remain silent. You don't have to make any statements or answer any questions. Anything you do say can be used as evidence against you in a court of law.
 "There are three possible pleas you may enter at the appropriate time. They are guilty, not guilty or no contest. If you plead guilty you are formally admitting guilt and I will proceed to sentencing. If you plead no contest you are not admitting guilt or wrongdoing, but you are admitting the truth of the facts alleged in either your criminal complaint or your traffic citation . So if you plead no contest, normally I will find you guilty and proceed to sentencing. So no contest is not a proper plea to enter if you believe you should be found not guilty. No contest is a plea often used by individuals involved in a traffic accident. The pleas of no contest cannot be used as evidence against you in any other civil or criminal proceedings. A plea of guilty can be used against you in another proceeding. And of course you can plead not guilty. If you plead not guilty your case will be set for trial. It will not be resolved today. We will give you another court date."[2] *Page 6 
 {¶ 10} Various other rights were discussed prior to calling appellee before the bench. Appellee was eventually called to the bench and the following exchange took place:
 "Court: Constance Taylor. Good morning * * * one moment. The charge is child endangering first degree misdemeanor. If you are convicted of a first degree misdemeanor you are subject to penalties up to $1,000.00 fine and up to six months in jail. Do you understand?
 Taylor: Yes.
 Court: Do you want a continuance to come back with a lawyer?
 Taylor: I just want to tell you what happened.
 Court: It's up to you.
 Taylor: Do you want me to tell you what happened?
 Court: First, I want you to tell me if you are going to come back with a lawyer.
 Taylor: No.
 Court: I want you to tell me what your plea is.
 Taylor: No contest.
 Court: Let me look at the police report * * * $150.00 and court costs."[3]
(Emphasis added.) *Page 7 
 {¶ 11} In addition to the evidence above, the later October 16, 2007 memorandum of opinion and order issued by the trial court, provides the following:
 "{¶ 2} * * *[I]t is agreed that the defendant waived her right to counsel at the hearing before the Magistrate in the Rocky River Municipal Court and thus entered her plea of guilty without counsel. A review of the record before that Court is inconclusive, however, as to whether the defendant's waiver of right to counsel was knowingly, intelligently, and voluntarily made at the time she entered a plea of guilty. Moreover, only an audio recording was made of those proceedings, which were conducted without the assistance of a court reporter. A copy of that recording was provided to the court, which was able to review it in the presence of both the prosecutor and defense counsel. The recording establishes that the defendant was advised that she had a right to counsel and of the possible penalties for that misdemeanor charge; however, she was not advised that there was a further consequence of the initial conviction, that is: the enhancement of any subsequent child endangering charges to make them felonies, even for the same criminal conduct."
 "{¶ 3} The issue before this Court, then, is: does the failure of the magistrate in the Rocky River Municipal Court to advise the defendant of this additional consequence of a conviction render the defendant's subsequent plea of guilty not `knowingly, intelligently, and voluntarily' made, so as to render that conviction invalid to enhance the present charges?" (Emphasis added.)
 {¶ 12} A review of the record demonstrates that the charge of child endangering appellee faced in municipal court on August 5, 2003 was apetty offense. A "serious offense" is defined in Crim. R. (2)(C) as: "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more *Page 8 
than six months." A "petty offense" is defined in Crim. R. (2)(D) as "misdemeanor other than serious offense." R.C. 2919.22(E)(2) indicates that endangering children, unless enhanced by a prior conviction, is a first-degree misdemeanor. Penalties for first-degree misdemeanors are up to six months in jail and up to $1,000 fine and, as such, endangering children is a petty offense.
 {¶ 13} Crim. R. 11(E) of the Ohio Rules of Criminal Procedure provides the following: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect ofthe plea of guilty, no contest, and not guilty."
(Emphasis added.)
 {¶ 14} The standards regarding counsel in petty offenses found in Crim. R. 44(B) and (C) are as follows:
 "(B) Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence or confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 "(C) Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing." (Emphasis added.) *Page 9 
Crim. R. 22 provides that "in petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded."[4] (Emphasis added.)
 {¶ 15} In determining whether counsel was "properly waived" in a prior case, there is a distinction made between "serious offenses" and "petty offenses." State v. Neely, Lake App. No. 2007-L-054, 2007-Ohio-6243, at 20. After reviewing the requirements of Crim. R. 11 and 44, the Supreme Court of Ohio summarized the differing requirements for a valid waiver of the right to counsel in serious and petty offense cases as follows: "Waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court." State v. Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533,863 N.E.2d 1024, paragraph two of the syllabus.
 {¶ 16} A review of the record in this case demonstrates that appellee was notified that she had the right to counsel and the right, in certain circumstances, to *Page 10 
have counsel appointed. The magistrate informed appellee in open court and on the record, of the charge against her and the penalties she faced. The magistrate also asked appellee if she needed a continuance to have counsel with her and she said no. At no point in the discussion between appellee and the court did appellee indicate any misunderstanding about her being entitled to be with counsel.
 {¶ 17} In addition to the fact that appellee was well informed regarding her rights to an attorney, she was charged with a petty offense and not given any jail time. Accordingly, the fact that appellee entered her plea uncounseled, on its own, is not enough to make her conviction invalid. The court must now look to the nature of appellee's choice to proceed without counsel to determine if such a choice constitutes a valid waiver of counsel. As previously mentioned, the record demonstrates no error on the part of the municipal court regarding its plea colloquy with appellee. The alleged error the trial court used in support of its ruling concerned the fact that a conviction could subject appellee to enhanced charges on later offenses.
 {¶ 18} The trial court found error in the municipal court's failure to inform appellee of the potential for enhanced penalties on subsequent offenses of child endangering. However, we find the trial court's rationale to be misplaced.
 {¶ 19} The United States Supreme Court discussed the confusion generated from earlier cases and then addressed this same issue inNichols v. United States (1994), 511 U.S. 738. *Page 11 
 "We rejected that contention, holding that so long as no imprisonment was actually imposed, the Sixth Amendment right to counsel did not obtain. Id., at 373-374. We reasoned that the Court, in a number of decisions, had already expanded the language of the Sixth Amendment well beyond its obvious meaning, and that the line should be drawn between criminal proceedings that resulted in imprisonment, and those that did not. Id., at 372.
 "We adhere to that holding today, but agree with the dissent in Baldasar that a logical consequence of the holding is that an uncounseled conviction valid under Scott may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment. Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes that are commonplace in state criminal laws, do not change the penalty imposed for the earlier conviction. Id., at 746 and 747."
 {¶ 20} The record demonstrates that the municipal court's actions regarding appellee's plea were proper. The trial court mistakenly added an unnecessary legal requirement to the municipal court petty offense plea made by appellee.
 {¶ 21} Accordingly, we find that the trial court erred when it found that appellee's prior conviction for child endangering in the Rocky River Municipal Court could not be used to enhance a subsequent charge of child endangering to a fourth degree felony. In addition, we find that the trial court further erred when it imposed a *Page 12 
requirement that appellee know that a conviction would enhance subsequent charges.
 {¶ 22} Accordingly, we sustain the state's first and second assignments of error. *Page 13 
 {¶ 23} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] A review of the record demonstrates that appellee actually pled "no contest" to child endangering instead of "a plea of guilty," as the common pleas court stated in its October 18, 2007 memo. See appellant's brief, Mar. 10, 2008, p. 3.
[2] Disc of Rocky River Municipal Court, Aug. 5, 2003, 9:12-9:14, 9:15 a.m.
[3] Disc of Rocky River Municipal Court hearing, 9:47-9:49, 10:00 a.m.
[4] Rule 22, Recording of Proceedings, states the following: "In serious offense cases all proceedings shall be recorded. In petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded, and if requested by any party all proceedings shall be recorded. Proceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device." *Page 1