[Cite as *State v. Smith*, 2012-Ohio-5420.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98093**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTOPHER SMITH

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557167

**BEFORE:** Keough, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** November 21, 2012

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland Heights, OH 44118

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Mary H. McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1}   In 2011, defendant-appellant Christopher Smith was indicted on one count of receiving stolen property in violation of R.C. 2913.51(A), two counts of failure to comply in violation of R.C. 2921.331(B), and one count of driving under the influence in violation of R.C. 4511.19(A)(1)(a).   The charges stemmed from Smith's theft of a vehicle and the subsequent police pursuit.

**{¶2}** The trial court appointed counsel to represent Smith. However, on January 27, 2012, at a hearing regarding plea negotiations, defense counsel informed the court that Smith had told her he wanted to represent himself. The trial court then engaged in an extensive colloquy with Smith regarding his wish to proceed pro se. The court advised Smith that he had an excellent lawyer and there were significant perils to proceeding pro se, but Smith told the trial judge that he "fe[lt] more safe representing myself." Smith told the court that he had represented himself in a 2004 case in Oklahoma and although he was found guilty, he "came out with less time" than what a lawyer would have been able to get for him.

**{¶3}** The trial court then reviewed the charges and possible penalties with Smith and discussed Smith's possible defenses to the charges. In response to further questioning, Smith advised the court that he was aware of the evidentiary rules and confident he could get the necessary evidence admitted at trial by asking appropriate questions. The trial judge then advised Smith to consult with his lawyer again before deciding to represent himself.

**{¶4}** On February 6, 2012, before trial commenced, Smith told the trial court that he wanted to proceed pro se because "I feel more confident representing myself." The court again had extensive discussions with Smith regarding his desire to proceed pro se. The court advised Smith of the charges, any defenses to the charges, and the maximum possible sentence. The court also explained various trial procedures to him, and questioned him regarding his understanding of those procedures. Finally, the court

advised Smith of the significant dangers of self-representation and again urged him to let his court-appointed lawyer represent him. Smith told the judge that he had no questions, there was nothing the judge had told him that he did not understand, and no further explanations about anything were needed. The trial judge then reviewed the waiver of right to counsel and expression of intent to proceed pro se form with Smith, reading it to him and questioning him to make sure that he understood what he had signed.

{¶5} Smith proceeded pro se at trial; the jury subsequently convicted him of all charges. The trial court sentenced him to an aggregate prison term of 36 months and advised him that he could be subject to up to three years postrelease control.

{¶6} Smith now appeals. In his single assignment of error, he argues that the trial court erred in granting his request to represent himself because his waiver of his constitutional right to counsel was not made knowingly and intelligently.

{¶7} "Although a defendant may eloquently express a desire to represent himself, a trial court must still satisfy certain parameters to ensure that the defendant's waiver of the constitutional right to counsel is made knowingly, intelligently, and voluntarily." *State v. Moore*, 8th Dist. No. 95106, 2012-Ohio-1958, 970 N.E.2d 1098, ¶ 43.

{¶8} In *State v. Buchanan*, 8th Dist. No. 80098, 2003-Ohio-6851, ¶ 15-18, this court discussed the trial court's duty of ensuring that the defendant's waiver of counsel is knowingly, intelligently, and voluntarily made:

> "The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and

knowingly and intelligently elects to do so." *State v. Gibson* (1976), 45 Ohio St.2d 236, 345 N.E.2d 399, paragraph one of the syllabus, citing *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. * * * "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right." *Gibson*, supra, paragraph two of the syllabus.

Although there is no prescribed colloquy in which the trial court and a pro se defendant must engage before a defendant may waive his right to counsel, the court must ensure that the defendant is voluntarily electing to proceed pro se and that the defendant is knowingly, intelligently, and voluntarily waiving the right to counsel. [*State v.*] *Martin*, [8th Dist. No. 80198, 2003-Ohio-1499], supra, citing *State v. Jackson* (2001), 145 Ohio App.3d 223, 227, 762 N.E.2d 438 [8th Dist.]. Given the presumption against waiving a constitutional right, the trial court must ensure the defendant is aware of "the dangers and disadvantages of self-representation" and that he is making the decision with his "eyes open." *Faretta*, supra.

In determining the sufficiency of the trial court's inquiry in the context of the defendant's waiver of counsel, the *Gibson* court applied the test set forth in *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed.309, as follows:

"* * * To be valid such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments, thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter."

**{¶9}** In this case, Smith told the court on two separate occasions that he wished to represent himself. On each occasion, the trial court engaged in a lengthy colloquy with him. The trial court repeatedly advised him of the dangers of self-representation and encouraged him to proceed with his court-appointed counsel. The court also reviewed the elements of the charges, any defenses to the charges, and the maximum possible penalties with Smith. The court explained trial procedures to him, questioned

him regarding his understanding of those procedures, and advised him that he would be held to the same standards as an attorney. The court also carefully reviewed the written waiver of counsel and intent to proceed pro se form with Smith, reading it aloud and ensuring that he understood it. Throughout these colloquys, Smith was adamant that he wanted to represent himself and repeatedly told the judge that he understood the ramifications of his decision.

{¶10} Smith's assertion that his many blunders at trial are "proof that he did not go into this with open eyes" is belied by his repeated assertions to the trial judge that he could best represent himself because he had done so in the past. As the state contends, it would be difficult under these circumstances to imagine a court taking more time or greater precaution to ensure that Smith's decision to represent himself was made knowingly, voluntarily, and intelligently.

{¶11} Appellant's assignment of error is therefore overruled.

{¶12} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR