[Cite as *Cleveland v. Anderson*, 2013-Ohio-165.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97787**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## LAWRENCE ANDERSON

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2011 CRB 037325

**BEFORE:** Kilbane, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 24, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
Cullen Sweeney
Adrieene Cavender
Assistant Public Defenders
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

BY: Victor R. Perez
Chief City Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

Bidisha Bagchi
Connor P. Nathanson
Assistant City Prosecutors
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Lawrence Anderson, appeals his conviction for transporting solid waste. For the following reasons, we reverse and remand.

**{¶2}** In October 2011, Anderson was charged with transporting solid waste on a Sunday in violation of Cleveland Codified Ordinances 551.22 ("C.C.O. 551.22"). The matter proceeded to a bench trial in December 2011. Prior to trial, Anderson indicated that he wanted to waive his right to counsel. The court engaged in a brief exchange with Anderson only stating that the trial begins with opening statements, then the questioning of witnesses, and the opportunity for Anderson to present his case. Anderson then proceeded pro se. The following evidence was adduced at trial.

**{¶3}** Cleveland police officer, Andrew Gasiewski ("Gasiewski"), testified that on Sunday, October 9, 2011, he was on patrol in the area of Carnegie Avenue and Ontario Street in Cleveland, Ohio when he observed a pickup truck traveling with a cracked windshield and a loud muffler. As a result, he initiated a traffic stop of the vehicle, which was driven by Anderson. While he conducted the traffic stop, he observed several items in the bed of Anderson's truck, including lawn mowers, fans, weights, lamps, doors, and computers. Anderson told Gasiewski that he picked up these items from residential areas. Gasiewski issued Anderson citations for the loud muffler, cracked windshield, and transporting solid waste on a Sunday.

**{¶4}** At the conclusion of trial, the court found Anderson guilty, sentenced him

to 30 days in jail, and fined him $250; both were suspended.

{¶5} Anderson now appeals, raising the following five assignments of error for review.

## ASSIGNMENT OF ERROR ONE

The trial court failed to obtain a knowing and voluntary waiver of [Anderson's] right to counsel as required by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 & 16 of the Ohio Constitution.

## ASSIGNMENT OF ERROR TWO

[Anderson's] conviction for transporting solid waste on a Sunday was not supported by sufficient evidence as required by Due Process.

## ASSIGNMENT OF ERROR THREE

Assuming, arguendo, that the court rejects Assignment of Error II, [C.C.O. 551.22] is unconstitutionally vague and results in arbitrary and selective enforcement in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Sections 10 & 16 of the Ohio Constitution.

## ASSIGNMENT OF ERROR FOUR

[C.C.O. 551.22] is irrational and, as a result, violates the Due Process and Equal Protection Clauses of the United States Constitution.

## ASSIGNMENT OF ERROR FIVE

The trial court improperly convicted [Anderson] of a second degree misdemeanor.

{¶6} In the first assignment of error, Anderson argues that the trial court violated his constitutional rights when it failed to obtain a knowing and voluntary waiver of his right to counsel.

{¶7} We recently addressed this issue in *State v. Smith*, 8th Dist. No. 98093,

2012-Ohio-5420. In *Smith*, the defendant stated to the trial court on two separate occasions that he wished to represent himself. Smith proceeded, pro se, after the trial court engaged in a lengthy colloquy on each occasion. Smith appealed his convictions, arguing that "the trial court erred in granting his request to represent himself because his waiver of his constitutional right to counsel was not made knowingly and intelligently." *Id.* at ¶ 6.

{¶8} On appeal, we found that Smith's decision to represent himself was knowingly, voluntarily, and intelligently made, noting that:

> Smith told the court on two separate occasions that he wished to represent himself. On each occasion, the trial court engaged in a lengthy colloquy with him. The trial court repeatedly advised him of the dangers of self-representation and encouraged him to proceed with his court-appointed counsel. The court also reviewed the elements of the charges, any defenses to the charges, and the maximum possible penalties with Smith. The court explained trial procedures to him, questioned him regarding his understanding of those procedures, and advised him that he would be held to the same standards as an attorney. The court also carefully reviewed the written waiver of counsel and intent to proceed pro se form with Smith, reading it aloud and ensuring that he understood it. Throughout these colloq[uies], Smith was adamant that he wanted to represent himself and repeatedly told the judge that he understood the ramifications of his decision. *Id.* at ¶ 9-10.

{¶9} Although Smith's waiver of his right to counsel was knowingly, intelligently, and voluntarily made, we find our reasoning in *Smith* instructive. We recognized that:

> "Although a defendant may eloquently express a desire to represent himself, a trial court must still satisfy certain parameters to ensure that the defendant's waiver of the constitutional right to counsel is made knowingly, intelligently, and voluntarily." *State v. Moore*, 8th Dist. No. 95106, 2012-Ohio-1958, 970 N.E.2d 1098, ¶ 43.

In *State v. Buchanan*, 8th Dist. No. 80098, 2003-Ohio-6851, ¶ 15-18, this court discussed the trial court's duty of ensuring that the defendant's waiver of counsel is knowingly, intelligently, and voluntarily made:

"The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson* (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, paragraph one of the syllabus, citing *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. * * * "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right." *Gibson*, supra, paragraph two of the syllabus.

Although there is no prescribed colloquy in which the trial court and a pro se defendant must engage before a defendant may waive his right to counsel, the court must ensure that the defendant is voluntarily electing to proceed pro se and that the defendant is knowingly, intelligently, and voluntarily waiving the right to counsel. [*State v.*] Martin, [8th Dist. No. 80198, 2003-Ohio-1499], supra, citing *State v. Jackson* (2001), 145 Ohio App.3d 223, 227, 762 N.E.2d 438 [8th Dist.]. Given the presumption against waiving a constitutional right, the trial court must ensure the defendant is aware of "the dangers and disadvantages of self-representation" and that he is making the decision with his "eyes open." *Faretta*, supra.

In determining the sufficiency of the trial court's inquiry in the context of the defendant's waiver of counsel, the *Gibson* court applied the test set forth in *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed.309, as follows:

"* * * To be valid such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments, thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter."

*Smith* at ¶ 7-8.

**{¶10}** Unlike *Smith*, the trial court in the instant case, did not engage in any

colloquy with Anderson advising him of the nature of the charge, the statutory offense included within it, the range of allowable punishment, possible defenses to the charge and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter.   Rather, the trial court merely engaged in the following brief exchange:

[ANDERSON]:   I'd like to waive my right to a counsel.

THE COURT:   So you're going to represent yourself?   This is set for trial Mr. Anderson.

[ANDERSON]:   Yes, your Honor.

THE COURT:   So procedurally we begin with opening statements.   The city would question [Cleveland police officer Andrew Gasiewski] after which you would have an opportunity to question him, so be certain that you listen to the questions and his testimony.

[ANDERSON]:   Yes, your Honor.

THE COURT:   After which upon city resting you will have an opportunity to present your testimony.

[ANDERSON]:   Thank you.

THE COURT:   We begin with opening statements.   We begin with swearing the witnesses in.

{¶11} This brief exchange cannot be reasonably considered sufficient to demonstrate that Anderson's decision to represent himself was made knowingly, voluntarily, and intelligently.   The trial court failed to advise Anderson of the dangers of self-representation, the elements of the charge, any defenses to the charge, and the maximum possible penalty.   The court also failed to fully explain trial procedures to Anderson, question him regarding his understanding of those procedures, and advise him that he would be held to the same standards as an attorney.

{¶12} Therefore, the first assignment of error is sustained.

{¶13} In the second assignment of error, Anderson challenges the sufficiency of his conviction. In the third and fourth assignments of error, Anderson challenges the constitutionality of C.C.O. 551.22. In the fifth assignment of error, Anderson contends that the trial court improperly convicted him of a second degree misdemeanor. Our disposition of the first assignment of error, however, renders these assignments of error moot. App.R. 12(A)(1)(c).

{¶14} Notwithstanding our decision to remand the matter for a new trial, we note that there is nothing in the record to indicate that this was not a first-time offense. A first time violation of C.C.O. 551.22 is a fourth degree misdemeanor. *See* C.C.O. 551.99(c), R.C. 2929.24(A)(4) and 2929.28(A)(2)(a)(ii). The complaint and the trial court's judgment of conviction, however, state that Anderson was charged and found guilty of a second degree misdemeanor. Crim.R. 36(A) allows for the correction at any time of clerical mistakes in orders due to oversight or omission, and App.R. 9(E) allows this court to direct that the misstatement be corrected. Thus, on remand the trial court shall correct the charge to a fourth degree misdemeanor.

{¶15} Judgment is reversed, and the matter is remanded for a new trial and a correction of the charge to a fourth degree misdemeanor.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., CONCURS;
LARRY A. JONES, SR., J., CONCURS IN PART AND DISSENTS IN PART (SEE SEPARATE OPINION)
LARRY A. JONES, SR., J., DISSENTING IN PART; CONCURRING IN PART:

{¶16} Respectfully, I dissent from the majority's resolution of the first assignment of error relative to Anderson's waiver of his right to counsel. I concur with the portion of the majority's opinion ordering correction of the charge.

{¶17} Crim.R. 44(A) requires that "[w]here a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings * * * unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel." A "serious offense" is defined by Crim.R. 2(C) as, "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." I agree with the majority that the crime here was a fourth degree misdemeanor, rather than a second degree misdemeanor as charged. The maximum penalty for a fourth degree misdemeanor is a 30-day-jail sentence. R.C. 2929.24(A)(4). Crim.R. 2(D) defines a "petty offense" as "a misdemeanor other than a serious offense." Thus, Anderson's crime was not a serious offense; it was a petty offense.

{¶18} Crim.R. 44(B) and (C) apply to petty offenses and provide:

(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

**{¶19}** Thus, under Crim.R. 44(B) and (C), whether a defendant is represented by counsel will control the penalty that may be imposed on him, unless there is a knowing, intelligent and voluntary waiver in the record. The United States Supreme Court has also addressed this issue and held that the right to counsel in misdemeanor cases attaches only in cases leading to actual imprisonment. *Alabama v. Shelton*, 535 U.S. 654, 661, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002); *Scott v. Illinois*, 440 U.S. 367, 373-374, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *Argersinger v. Hamlin*, 407 U.S. 25, 33, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

**{¶20}** The Supreme Court of Ohio expressly adopted *Argersinger* as the governing standard in right to counsel cases, stating "[a]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial. (*Argersinger v. Hamlin,* 407 U.S. 25, followed.)" *State v. Wellman*, 37 Ohio St.2d 162, 309 N.E.2d 915 (1974), paragraph one of the syllabus.

**{¶21}** Anderson was not incarcerated; he was sentenced to 30 days in jail and fined

$250, but both were suspended. I am aware that a suspended jail sentence can sometimes result in actual incarceration, however. *Shelton*, *supra*, addressed that situation, which can occur if the trial court suspends a defendant's sentence, but places him on community control for a period of time. If the defendant were to violate the terms of his probation, the suspended sentence could be reimposed. If that were to happen, the "uncounseled conviction at that point results in imprisonment, it ends up in the actual deprivation of a person's liberty." *Id.* at 662. (Citations omitted.) But the trial court did not place Anderson on community control sanctions here and therefore it did not reserve the opportunity to restrain his liberty on this case.

**{¶22}** Moreover, even if the trial court had placed Anderson on community control sanctions, the majority's order to remand for a new trial is not the proper remedy. Rather, the appropriate remedy would be to terminate the community control sanctions, but not to disturb the conviction. The Eleventh Appellate District explained as follows:

> In light of *Argersinger* and *Scott*, it is clear that the denial of assistance of counsel precludes the imposition of a penal sentence, but it does not bar the levying of a fine, nor does it affect the constitutionality of the underlying conviction. If an unrepresented defendant has been convicted and sentenced to jail for a petty offense and that defendant did not execute a valid waiver of the right to counsel, an appropriate course of action for an appellate court to take is simply to vacate any term of imprisonment, while affirming the conviction itself along with any associated fine.

**{¶23}** *State v. Boughner*, 11th Dist. No. 98-G-2161, 1999 Ohio App. LEXIS, *27 (Dec. 17, 1999). *See also Lakewood v. McDonald*, 8th Dist. No. 84465, 2005-Ohio-394, ¶ 11 ("Because the court did not advise McDonald of his right to counsel, nor did it properly obtain McDonald's waiver of that right, we are compelled to vacate the

community controlled sanction. The remaining sanctions imposed by the court remain unaffected by the violation of the right to counsel.")

{¶24} In light of the above, I dissent from the majority's finding that Anderson's constitutional rights were violated when it failed to obtain a knowing and voluntary waiver of his right to counsel, and its order to remand for a new trial. I would address the remaining assignments of error and find the second, third, and fourth to be without merit and, therefore, affirm the conviction. I would find merit in the fifth assignment of error, which contends that the crime was a fourth degree misdemeanor, rather than a second degree misdemeanor as charged. I therefore concur only with the portion of the majority's opinion ordering correction of the charge.