[Cite as *Berea v. Ferich*, 2013-Ohio-3248.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99258

---

## CITY OF BEREA

PLAINTIFF-APPELLEE

vs.

## MARK FERICH

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Berea Municipal Court
Case No. 12 TRD 02122

**BEFORE:** Blackmon, J., Rocco, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 25, 2013

**ATTORNEYS FOR APPELLANT**

Joseph C. Patituce
Megan M. Patituce
Jennifer Scott
Catherine R. Meehan
Patituce & Scott, L.L.C.
26777 Lorain Road, Suite 708
North Olmsted, Ohio 44070

**ATTORNEY FOR APPELLEE**

James N. Walters, III
Prosecuting Attorney
City of Berea
31 East Bridge Street, Suite 302
Berea, Ohio 44017

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Mark Ferich appeals his convictions following a bench trial in Berea Municipal Court, and assigns the following errors for our review:

> **I. The trial court erred when it denied appellant his constitutional right to the effective assistance of counsel. (TR. 5)**
>
> **II. The trial court erred when it denied appellant his constitutional right to compulsory process. (TR. NA.)**
>
> **III. The trial court erred when it denied appellant his right to a closing argument. (TR. 128)**
>
> **IV. Appellant was denied due process of law where his conviction was not supported by legally sufficient evidence. (TR. NA)**
>
> **V. Appellant was denied due process of law where his conviction was against the manifest weight of the evidence.**

{¶2} Having reviewed the record and pertinent law, we reverse Ferich's convictions and remand for a new trial. The apposite facts follow.

{¶3} On May 23, 2012, the city of Berea charged Ferich with one count of failure to stop after an accident, a first degree misdemeanor, as well as one count of driving left of center, a minor misdemeanor. Ferich pleaded not guilty at the arraignment. On June 26, 2012, the matter proceeded to a bench trial.

{¶4} Prior to trial, the trial court stated the charges, the maximum penalties, and indicated that it was his understanding that Ferich had decided to proceed without an

attorney. The trial court advised Ferich that he could hire an attorney, or if he could not afford one, the court would appoint one at no cost.

{¶5} However, Ferich indicated that he did not think an attorney was necessary. Thereafter, Ferich executed a written waiver and proceeded pro se. After the testimony of five witnesses for the city of Berea, as well as that of Ferich, the trial court found him guilty of both charges.

{¶6} On November 1, 2012, the trial court fined Ferich $100, plus court cost, imposed a six-month driver's license suspension, and placed him on one year of probation. Ferich now appeals.

## Waiver of Counsel

{¶7} In the first assigned error, Ferich argues he was denied the effective assistance of counsel because the trial court erred in granting his request to represent himself. Ferich contends his waiver of his constitutional right to counsel was not made knowingly and intelligently.

{¶8} Although a defendant may eloquently express a desire to represent himself, a trial court must still satisfy certain parameters to ensure that the defendant's waiver of the constitutional right to counsel is made knowingly, intelligently, and voluntarily. *State v. Moore*, 8th Dist. No. 95106, 2012-Ohio-1958, 970 N.E.2d 1098, ¶ 43.

{¶9} In all cases where the right to counsel is waived, the court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976),

paragraph two of the syllabus. For a petty offense, voluntary and knowing waiver may be shown through the court's colloquy with the defendant. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024 ¶ 54.

{¶10} In *Gibson supra*, the Ohio Supreme Court held a trial court must provide sufficient warning to the defendant of the seriousness of the trial and the possible results it could have for his liberty and life. The Court stated:

> **This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.** *Gibson*, *supra*, at 376-377, citing *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948).

**{¶11}** In *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, the Ohio Supreme Court held a defendant must be adequately advised of the perils of self-representation, stating:

> **To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. [*Gibson*] at 377, 345 N.E. 2d 399, quoting *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309.**

**{¶12}** In *State v. Bumphus*, 6th Dist. No. E-03-043, 2005-Ohio-536, the Sixth District Court of Appeals addressed this issue, holding:

> **To establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. *Gibson*, paragraph two of the syllabus. "To be valid [a defendant's] waiver [of counsel] must be made with an apprehension of the nature of the charges, the statutory offense included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Martin*, supra, at ¶ 40, citing *Gibson*, supra, at 377, 345 N.E. 2d 399 and quoting *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309. "A judge can make certain that accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all of the circumstances under which such a plea is tendered." *Von Moltke*, supra, at 724. "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). A sketchy or minimal inquiry touching upon only some of the above-enumerated factors will not adequately establish an effective waiver of counsel. *State v. McQueen*, 124 Ohio App.3d 444, 447, 706 N.E.2d 423 (1997).**

*Bumphus* at ¶ 13.

{**¶13**} Similarly, the Ninth District held in *State v. Yeager*, 9th Dist. No. 21510, 2005-Ohio-4932:

> **However, "[c]ourts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel." (Citations omitted.) *State v. Dyer*, 117 Ohio App.3d 92, 95, 689 N.E .2d 1034 (1996). Accordingly, "a valid waiver affirmatively must appear in the record, and the State bears the burden of overcoming the presumption against a valid waiver." *State v. Martin* ("*Martin I*"), 8th Dist. No. 80198, 2003-Ohio-1499, at ¶ 8, citing *Dyer*, 117 Ohio App.3d at 95, 689 N.E.2d 1034. "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right." *Gibson*, 45 Ohio St.2d at paragraph two of the syllabus.**
>
> **In determining the adequacy of the trial court's inquiry in the context of a defendant's waiver of counsel, this Court reviews the totality of the circumstances. *State v. Ragle*, 9th Dist. No. 22137, 2005-Ohio-590, at ¶ 12. In assuring that a waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court should advise the defendant of the dangers and disadvantages of self-representation. See *Gibson*, 45 Ohio St.2d at 377, 345 N.E.2d 399. *See also*, *Faretta*, 422 U.S. at 835; *State v. Weiss*, 92 Ohio App.3d 681, 686, 637 N.E.2d 47 (1993). While no one factor is determinative, the trial court should advise the defendant of the nature of the charges and the range of allowable punishments, and, in addition, advise the defendant of the possible defenses to the charges and applicable mitigating circumstances. *See Gibson*, 45 Ohio St.2d at 377, 345 N.E.2d 399, citing *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309 (1948). However, this Court has held that the trial court's discussion of possible defenses and mitigating circumstances need not be fact specific. *State v. Trikilis*, 9th Dist. Nos. 04CA0096-M & 04CA0097-M, 2005-Ohio-4266, at ¶ 13, citing *Ragle* at ¶ 12. "[A] broader discussion of defenses and mitigating circumstances as applicable to the pending charges is sufficient." *Trikilis* at ¶ 13. In addition, a court may consider various other factors, including the defendant's age, education, and legal experience in determining that a waiver of counsel is made knowingly, voluntarily, and intelligently. *Id*., citing *State v. Doane*, 69 Ohio App.3d 638, 647, 591 N.E.2d 735 (1990), 7 Anderson's Ohio App. Cas. 503.**

*Yeager* at ¶ 7-8.

{¶**14**}   In *State v. Buchanan*, 8th Dist. No. 80098, 2003-Ohio-6851, ¶ 15-18, we,

too, discussed the trial court's duty of ensuring that the defendant's waiver of counsel is

knowingly, intelligently, and voluntarily made:

> **The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly,   and intelligently elects to do so.  *Gibson* supra, 45 Ohio St.2d 366, 345 N.E.2d 399(1976), paragraph one of the syllabus, citing *Faretta*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). * * * "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right." *Gibson*, supra, paragraph two of the syllabus.**

> **Although there is no prescribed colloquy in which the trial court and a pro se defendant must engage before a defendant may waive his right to counsel, the court must ensure that the defendant is voluntarily electing to proceed pro se and that the defendant is knowingly, intelligently, and voluntarily waiving the right to counsel. [*State v.*] *Martin*, [8th Dist. No. 80198, 2003-Ohio-1499], supra, citing *State v. Jackson* (2001), 145 Ohio App.3d 223, 227, 762 N.E.2d 438 [8th Dist.]. Given the presumption against waiving a constitutional right, the trial court must ensure the defendant is aware of "the dangers and disadvantages  of self-representation" and that he is making the decision with his "eyes open." *Faretta*, supra.**
> **In determining the sufficiency of the trial court's inquiry in the context of the defendant's waiver of counsel, the *Gibson* court applied the test set forth in *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed.309, as follows:**

> **\* \* \* To be valid such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments, thereunder, possible defenses to the charges**

**and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter.**

{¶15} We have underscored this duty in several decisions. *See State v. Smith*, 8th Dist. No. 98093, 2012-Ohio-5420; *Mayfield Hts. v. Aziz-Hakim*, 8th Dist. No. 98176, 2012-Ohio-5890; and *Cleveland v. Anderson*, 8th Dist. No. 97787, 2013-Ohio-165.

{¶16} In the instant case, the following exchange took place after the trial court opened the proceedings by stating the charges and maximum punishment:

**The Court: We are going to have a trial today and the trial carries with it certain formalities of presentation and that sort of thing, and it's been my understanding — we have discussed this matter before and you have decided, it's my understanding, to proceed without an attorney, is that correct?**

**Mr. Ferich: Yes, your Honor.**

**The Court: Now, you understand that you have the right to have time to get your own lawyer if you can pay for it, and if you're indigent and can't pay for it, the Court would provide and attorney to you at no cost to you. My understanding under both of those is that it's your desire to go forward without an attorney and intend to waive your right to an attorney and proceed today without one?**

**Mr. Ferich: Yes, sir, I don't feel I need one, I really don't.**

**The Court: Well, that's entirely your decision, but I need to go through those formalities. If you could have him sign a waiver there for me, please? And it's Ferich, right?**

**Mr. Ferich: Yes.**

**The Court: And as we go through the trial today, obviously, as I indicated before, there are certain technicalities of presentation, of organization, and that sort of thing which we will adhere to. I will give you some leeway as a layperson. Okay. I**

**will give you some leeway, but obviously there's certain circumstances of which you don't get any benefit. You know, just like any other attorney would not get any benefit, you would not either. \* \* \***

{¶17} Here, this brief exchange cannot be reasonably considered sufficient to demonstrate that Ferich's decision to represent himself was made knowingly, voluntarily, and intelligently. As previously noted, the trial court stated the charges and maximum penalties. However, upon our review of the record, we find no evidence demonstrating that the trial court advised Ferich of the dangers of self-representation in the context of the nature of the charges, the penalties, or potential defenses. As discussed in our analysis of Ohio case law, the trial court should have advised Ferich of the range of allowable punishments, the possible defenses to the charges and applicable mitigating circumstances, prior to accepting Ferich's waiver of counsel.

{¶18} Additionally, although, the trial court advised Ferich that he would be held to the same standards as an attorney and mentioned that there were certain formalities and technicalities associated with a trial, the trial court never explained trial procedures, nor questioned Ferich to ascertain his understanding of trial procedures. Our review of the transcript reveals that the trial court demonstrated great patience in dealing with Ferich, who struggled throughout the trial.

{¶19} Further, while we recognize that there is no prescribed colloquy in which the trial court and a pro se defendant must engage before a defendant may waive his right to counsel, we find that the trial court's inquiry in this matter failed to ensure that Ferich was knowingly, intelligently, and voluntarily waiving his right to counsel.

**{¶20}** Finally, although there is a passing comment by the trial court that the matter had been discussed before, there is nothing in the record that reflects any pretrial discussions of Ferich's desire to represent himself at trial. When confronted with the waiver of a constitutional, statutory, or other substantial or fundamental right, such waiver must affirmatively appear in the record. *Garfield Hts. v. Brewer*, 17 Ohio App.3d 216, 479 N.E.2d 309, (8th Dist.1984).

**{¶21}** At oral argument in the matter, the city's prosecutor attempted to assure us that, prior to trial, he had extensive discussions with Ferich about his desire to waive his right to counsel. However, regardless of the purported discussion, no Ohio court has held that the duty of ensuring that a defendant was knowingly, intelligently, and voluntarily waiving his right to counsel, was the province of any other than the trial court's.

**{¶22}** In this instance, the on-the-record discussion was insufficient to ensure that Ferich knowingly, intelligently, and voluntarily waived his right to counsel. Accordingly, we sustain the first assigned error, reverse Ferich's convictions, and remand the matter for a new trial.

**{¶23}** Our disposition of the first assigned error, renders the remaining assigned errors moot. App.R. 12(A)(1)(c).

**{¶24}** Judgment is reversed, and the matter is remanded for a new trial.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
KENNETH A. ROCCO, P.J., DISSENTS
(SEE ATTACHED DISSENTING OPINION.)


KENNETH A. ROCCO, P.J., DISSENTING:

**{¶25}** I respectfully dissent because I believe that the majority opinion has misinterpreted the applicable law. The majority opinion thus places an unwarranted burden upon municipal courts in dealing with misdemeanor offenses. I conclude from the record in this case in light of the Ohio Supreme Court's decision in *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, that Ferich's waiver of his right to counsel was valid. Furthermore, I would address Ferich's other assignments of error, find that they all lack merit, and thus would affirm his convictions.

**{¶26}** According to the transcript, the matter of Ferich's decision to represent himself had been discussed on prior occasions, was discussed on the record, and Ferich signed in open court a written waiver of his right to counsel. As the majority opinion mentions but neither directly faces nor distinguishes, in cases of petty offenses, the Ohio

Supreme Court has found such a procedure to be adequate. *Id*. at ¶ 39. Other courts, including this one, have followed that precedent. *State v. Taylor*, 8th Dist. No. 90674, 2008-Ohio-5255; *see also State v. Caudill*, 10th Dist. No. 10AP-90, 2010-Ohio-5965; *State v. Wells*, 7th Dist. No. 09-BE-12, 2009-Ohio-6803; *State v. Wise*, 5th Dist. No. 2008-CA-9, 2008-Ohio-7003; *compare Cleveland v. Anderson*, 8th Dist. No. 97787, 2013-Ohio-165 (failed to mention *Brooke*); *Parma v. Battaia*, 8th Dist. No. 96569, 2012-Ohio-173 (same); *Shaker Hts, v. Hunte*, 145 Ohio App.3d 150, 762 N.E.2d 384 (8th Dist. 2001) (decided prior to *Brooke*).

**{¶27}** Ferich has not seen fit for purposes of his appeal to request the municipal court to produce either: (1) transcripts of the other conversations between him and the court, (2) an App.R. 9(C) statement concerning those conversations, or (3) the written waiver. Because Ferich's waiver of his right to counsel was made in open court and was recorded, this court presumes regularity. *Brooke* at ¶ 47; *compare Garfield Heights v. Brewer*, 17 Ohio App.3d 216, 479 N.E.2d 309 (1984).

**{¶28}** Despite the applicability of *Brooke* to this case, the majority opinion quotes at great length from case law that either was decided before *Brooke*, ignored *Brooke*, or relates to defendants who were charged with felony offenses. The *Brooke* court noted at ¶ 13, however, that "[t]here is a distinction" made between "serious" and "petty" offenses. Except for *Brooke,* therefore, the authorities cited in the majority opinion are inapposite to the facts presented in this case.

**{¶29}** The Ohio Supreme Court often has made distinctions, as it did in *Brooke*, in the duties of a court with respect to the level of an offense. *See, e.g., State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635. For instance, in discussing what information a court must impart in order to find that a change of plea is entered in a knowing, voluntary, and intelligent manner, the *Watkins* court explained:

> *A judge's duty to a defendant* before accepting his guilty or no contest plea *is graduated according to the seriousness of the crime with which the defendant is charged*. Crim.R. 11 distinguishes between "pleas of guilty and no contest in felony cases" (Crim.R. 11[C]), "misdemeanor cases involving serious offenses" (Crim.R. 11[D]), and "misdemeanor cases involving petty offenses["] (Crim.R. 11[E]). The requirements placed upon a court take steady steps that culminate in Crim.R. 11(C).
>
> * * *
>
> *For felony defendants, and only felony defendants, Crim.R. 11(C)(2)(c) adds something extra* and separate -- the judge must also inform the defendant of all the rights attendant to the trial that he is foregoing. Crim.R. 11(C)(2)(c) * * * is a separate part of the statute spelling out additional requirements in felony cases that are not required in misdemeanor cases. If Crim.R. 11(C)(2)(c) were merely defining what it means to instruct a defendant as to the effect of his plea, similar language would have been included in Crim.R. 11(D) and (E). *That language is missing in the rules because those protections are not required for misdemeanor defendants.* (Emphasis added.)

**{¶30}** In light of the distinction, the majority opinion imposes too much of a burden upon municipal courts. Consequently, I would overrule Ferich's first assignment of error.

**{¶31}** Ferich's second assignment of error is, to me, similarly unpersuasive. Although he asserts the court failed to inform him of his right to compulsory process, his

comments in the transcript indicate only that, even as the proceeding commenced, he was unsure if he required any other witnesses than the ones the city would present, and that he may have had second thoughts as the trial proceeded. Because the same problem of an inadequate record prevents this court from conducting an adequate review of his assertion, Ferich's second assignment of error also should be overruled.

{¶32} Ferich asserts in his third assignment of error that the municipal court refused to permit him to present a closing argument. The transcript of trial, however, reflects that after a full day, the court simply suggested that a final argument from each party was a formality that could be skipped. Because Ferich was not under any compulsion to agree, this assignment of error also should be overruled.

{¶33} Ferich's fourth and fifth assignments of error challenge the sufficiency and the weight of the evidence to support his conviction for the offense of failure to stop after an accident. As to sufficiency, the evidence must be viewed in a light most favorable to the prosecution. The city's witnesses described the accident as a shocking encounter that created a good deal of noise, not only from the crunching and smashing of the victim's car, but from the sounding of several car horns as Ferich completed his turn. From his questions of the city's witnesses, it is clear that Ferich's theory of his defense was that the victim was attempting to cut the corner and beat the truck onto Bagley Road, but failed. Either way, the sounds must have alerted Ferich that an accident had occurred. Rather than pulling over to investigate, however, he continued on his course. Sufficient evidence was presented to support Ferich's conviction for failure to stop after an accident.

*State v. Simon*, 5th Dist. No. 2012CA00152, 2013-Ohio-2067. Therefore, his fourth assignment of error should be overruled.

{¶34} The weight of the evidence also supports his conviction. The city's witnesses all presented testimony that was consistent with the statements they provided to the police and that corroborated each other's version of the accident. Ferich admitted feeling a "bump" as he entered the turn, and also admitted he nevertheless continued on his way. Otherwise, as a witness himself, Ferich's testimony was inconsistent. Although the evidence proved there was only one right-turn lane, and Ferich admitted seeing the victim's car in the turning lane as he made the turn, Ferich nevertheless maintained that he himself was in the turning lane.

{¶35} Based on the foregoing, I would overrule all of Ferich's assignments of error and affirm his conviction.